UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYRNA OTIS, as the personal representative
of the estate of MICHAEL OTIS,
on behalf of the estate and survivors

    Plaintiff,

v.                                                                    Case No: 8:22-cv-863-KKM-JSS

ABBOTT LABORATORIES, et al.,

    Defendants.
_____

## ORDER

    Myrna Otis, widow of Michael Otis, filed a products liability and negligence action in state court against Abbott Laboratories and several New York healthcare institutions she alleges are responsible for her husband's death. Mr. Otis died from multiple organ failure after his Left Ventricular Assist Device (LVAD) malfunctioned. Abbott Laboratories, appearing specially, moves to dismiss the complaint for lack of personal jurisdiction. Because the Court lacks subject matter jurisdiction, the Court denies the unopposed motion to dismiss for lack of personal jurisdiction as moot and remands this case to state court.

I.  BACKGROUND

Myrna Otis, a citizen of New York, alleges that her late husband, formerly a citizen of New York, was implanted with a HeartMate3 Left Ventricular Assist Device (LVAD) at the Presbyterian Hospital in New York. (Doc. 1-2 ¶¶ 3, 8.) She further alleges that Mr. Otis had a pacemaker analyst located in New York that failed to properly warn Mr. Otis when he began experiencing symptoms of the device's failure. (*Id.* ¶ 15.) Otis alleges that the device was manufactured by Abbott Laboratories and that a defect in that device caused his death in January 2020. (*Id.* ¶¶ 8, 12.) Otis filed a claim in Hillsborough County, Florida on January 4, 2022, alleging strict liability defective design, strict liability failure to warn, negligence, and punitive damages against Abbott Laboratories The New York and Presbyterian Hospital, Columbia University Medical Center, New York Presbyterian Global, Inc., and New York Presbyterian Healthcare Systems, Inc. (collectively known as the New York Hospitals) (Doc. 1-2.)

Abbott Laboratories is a citizen of Illinois, and the New York Hospitals are citizens of New York. (Doc. 1 ¶¶ 16, 25.) Abbott alleges that it is the only properly joined defendant and that the New York Hospitals were joined fraudulently "for the sole purpose of defeating removal." (*Id.* ¶ 5.) Abbott moves to dismiss Otis's claims due to a lack of personal jurisdiction. (Doc. 25.) Otis makes no response, but Abbott certifies in its motion that after conferring with opposing counsel, Otis plans to amend his complaint to add

2

Thoratec, LLC (the company that allegedly manufactured the LVAD) as a defendant and "does not oppose dismissal of Abbott on personal jurisdiction grounds." (*Id.* at 1 n.1, 23.)

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). A federal court can decide a case under its diversity jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Parties are "complete[ly] divers[e]" when the plaintiff is not domiciled within the same state as any defendant. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). A federal court has a duty to remand a case to state court at any time if it lacks subject matter jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (" 'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." (alterations omitted) (quoting 28 U.S.C. § 1447(c))). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411.

3

If, however, a plaintiff fraudulently joins parties solely to defeat jurisdiction, "the district court must ignore the presence of the non-diverse defendant." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). To prove fraudulent joinder, the defendant bears the burden of showing by clear and convincing evidence that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* The district court must assess the factual allegations "in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The district court determines whether a party was fraudulently joined based on the plaintiff's pleadings at the time of removal and affidavits presented by the parties. *Id.*

Federal courts must not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.*; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (explaining that joinder is legitimate even if the plaintiff presents only a "*possibility* of stating a valid cause of action" against the defendant). A federal court must remand the case to state court if there is even a possibility the plaintiff brought a viable claim against a defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (per curiam) (noting the "possibility" standard is distinguishable— and more lenient—from the "plausibility" standard applied to a 12(b)(6) motion to

dismiss); *see also Legg v. Wyeth*, 428 F.3d 1317, 1325, n.5 (11th Cir. 2005) (indicating the possible cause of action against the resident defendant must be "reasonable" and not "theoretical" (quotation omitted)).

### III. ANALYSIS

Before addressing Abbott Laboratories' motion to dismiss, the Court must determine if it has subject matter jurisdiction over this case. On the face of the pleadings, the court lacks subject matter jurisdiction due to a lack of complete diversity between parties. Plaintiff Otis is a citizen of New York, and several defendants—the New York Hospitals—are also citizens of New York. (Doc. 1-2 at 2.) However, Abbott argues that the New York Hospitals were fraudulently joined, for the sole purpose of destroying diversity. (Doc. 1 ¶ 25.) In support of this allegation, Abbott argues that Otis's causes of action allege only products liability actions and such actions cannot be maintained against healthcare entities like the New York Hospitals under Florida law. (*Id.* ¶ 29.)

Although, Plaintiff's Complaint specifies that it is a products liability action as Abbott alleges, the full sentence states: "The Plaintiff brings this medical, products liability, and personal injury action for injuries sustained, including but not limited to, pain, suffering, loss of enjoyment of life and for punitive damages." (Doc. 1-2 ¶ 2.) This sentence suggests that this action is meant not only as a products liability action but also as a medical and personal injury action, perhaps indicating a claim for medical negligence.

5

Although Otis alleges these causes of action "arise out of the Defendant Manufacturers" [sic] faulty design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of a defective LVAD," she goes on to list four causes of action. (*Id.* ¶¶ 2–3.) Otis alleges: (1) strict product liability: defective design, (2) strict product liability: failure to warn, (3) negligence, and (4) punitive damages. (Doc. 1-2.) Although counts (1) and (2) appear to be specific to Abbott as the alleged manufacturer of the LVAD device, counts (3) and (4) appear to apply to all defendants. In fact, Otis alleges that "Defendants . . . should have known, that HeartMate3 was defectively and unreasonably designed . . . and likely to injure patients in whom [it] was implanted," and "Defendants . . . should have known that Plaintiff was unaware of the dangers." (*Id.* ¶ 37.) This indicates that Otis may be alleging medical negligence on the part of the New York Hospitals to adequately warn Mr. Otis of the dangers of his LVAD.

Abbott admits that "the appropriate vehicle for claims against a medical provider or hospital is medical negligence." (Doc. 1 ¶ 29.) Although not pleaded very specifically, because Otis included a count of negligence that could possibly state a claim against the New York Hospitals, Abbott has failed to carry its burden to show by clear and convincing evidence that the New York Hospitals were joined for the sole purpose of destroying diversity. Because the Court lacks subject matter jurisdiction, it does not reach

6

the Motion to Dismiss raised by Abbott. For these reasons, the case is remanded to state court for further proceedings.

Accordingly, the following is **ORDERED:**

1. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED as moot.**

2. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to terminate all pending motions and deadlines, and to close the case.

**ORDERED** in Tampa, Florida, on September 13, 2022.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**